DUFRESNE, Judge.
This is an appeal by Alverez, Donnaway, Passons, Inc. (A.D.P.), third party plaintiff-appellant, from a summary judgment in favor of Royal Exchange Assurance of America, Inc., and William H. McGee and Co., Inc., third party defendants-appellees. Because we find that there are disputes as to material facts, the summary judgment is reversed, and the case is remanded for further proceedings.
At issue here is whether a policy of marine insurance on a barge provided coverage for the theft of the entire vessel. After careful review of the record and the insurance policy, this court finds that there are material facts in dispute concerning this issue.
First, the policy provides that the insured warrants that there shall be no other insurance placed on the vessel covering physical loss or damage which is covered under the policy. However, explicit permission is given the insured to carry other insurance for any losses not covered in the policy. A letter attached to the deposition of W.J. Donnaway, of A.D.P. indicates that he and Harry Geautreaux, branch manager for William McGee and Co., Inc., discussed the availability of additional theft coverage when using the standard marine policy at issue here. It further suggests that both Donnaway and Geautreaux were in agreement that additional theft coverage is not available when using this form. Whether this is true or not cannot be determined from the record. However, on this showing, it is clear to this court that a material fact is in dispute as to whether the insurer understood and intended the policy to provide theft coverage, and therefore did not permit additional theft coverage; or whether such coverage was unavailable for other reasons.
A second matter in dispute is whether the policy employs terms of art peculiar to usage in the trade, La.Civ.Code, art. 2047. Donnaway indicated in deposition that in his opinion, the policy form used here covered theft of the vessel. Further, A.D.P. intends to call an alleged expert and author on marine insurance, presumably to testify on whether the policy is understood in the trade to cover theft of an entire vessel.
We are aware of S. Felicione and Sons Fish Co., Inc. v. Citizens Casualty Co. of N.Y., 430 F.2d 136 (5th Cir.1970), and Cambre v. Travelers Indemnity Co., 404 So.2d 511 (La.App. 4th Cir.1981). Our reading of Felicione is that its discussion of the “assailing thieves” clause is dicta, because the court found that no theft had occurred in that case. In Cambre, the court followed the dicta of Felicione, in holding that the above clause did not include theft of the entire vessel. While that holding may be correct, we are unable to rule on that question here until such time as the disputed facts noted above have been resolved at trial of this matter.
For the foregoing reasons, the judgment appealed from is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.